MICHAEL LANDOLFI, PLAINTIFF-APPELLANT, v. BENJA-
MIN STERN AND SAMUEL RUDIN, INDIVIDUALLY AND
TRADING AS UNITED NEWS TRANSPORTATION COM-
PANY, A PARTNERSHIP, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 24, 1952—Decided December 1, 1952.

Mr. *Aaron Gordon* argued the cause for the appellant (*Mr. Louis Sleisel*, attorney).

Mr. *James J. Carroll* argued the cause for the respondents (*Mr. Frank Fink* on the brief).

The opinion of the court was delivered by

CONLON, J. C. C.  The plaintiff sued for injuries alleged to have been sustained from a falling ceiling in the premises at 129 Pavonia Avenue, Jersey City, while he was doing repair work for an independent contractor.  At the close of the plaintiff's case the trial court directed a judgment of dismissal on the ground that there was no proof that the plaintiff had been injured as the result of the negligence of the defendants.  No reasons were stated for the ruling, but as the matter is presented on this appeal it revolves around the questions whether the ceiling was defective and hence constituted a nuisance; whether the defendants had actual or constructive notice of the defect, if any, and whether the defendants were negligent with respect to the maintenance of a defective ceiling.

The premises in question were purchased by the defendants from the City of Jersey City on June 3, 1946.  At that time there was erected thereon a four-story building which was about 50 years old and was in an uninhabitable condition.  About a year later the three upper stories were razed leaving only the cellar and first floor.  In October 1948 one Alphonse J. Schroeder, as agent for the defendants, negotiated a lease with the Garden Goodies Company which was engaged in ripening and packing tomatoes.  Due to the tenant's financial difficulties this lease was terminated in December 1948 after which time and up to the date of the accident the premises

remained vacant. At about the time the, lease was entered into the roof and ceiling were leaking and repairs were made by the tenant as required by its lease. The defendants resided in Pennsylvania, and, so far as the record shows, they took no personal part in the control, operation or maintenance of the building. Instead, they were represented by Mr. Schroeder and one Louis Harrison who acted as their engineer and building representative. In July 1949 Schroeder, on the instructions of Harrison, engaged an architect to draw plans and specifications for the conversion of the building into a garage. The contract for the work which was let out to Alfonso and John LaRocca, called for, among other things, the removal of some loose plaster on the walls, the erection of a partition and the tearing up of a wooden floor which was to be replaced by one of concrete. The contract did not call for any new work on or alterations to the ceiling. The LaRoccas started the work on September 12, 1949 with the plaintiff as one of their employees. On the next day, while the plaintiff was pursuing his work, the rear portion of the ceiling fell causing him severe injuries. There was evidence to indicate that prior to the entry upon the work by the plaintiff the condition of the ceiling was such as to be visibly ·defective since it was sagging in places from 1½ to 2 inches.

From the above facts the jury could find that the plaintiff was an invitee in the premises at the time of the accident, *Murphy v. Core Joint Concrete Pipe Co.*, 110 *N. J. L.* 83 (*E. & A.* 1933), that he was injured when the ceiling fell because of a defect therein of which defect the defendants, through their agents, had constructive, if not actual notice. *Ratering v. Mele*, 11 *N. J. Super.* 211 (*App. Div.* 1951). Hence a jury question was presented as to whether or not the plaintiff had established negligence on the part of the defendants, and the judgment of dismissal was error.

Much of the record and briefs involve extraneous questions such as structural defects, the liability of the La-

Roccas as independent contractors, and the contributory negligence of the plaintiff. None of those matters are germane to the issue presented.

The judgment below is reversed and the cause remanded for a new trial.